Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorney for Plaintiffs*
*Derrick Chung & Jean Chung*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK CHUNG & JEAN CHUNG, | CASE NO. **'15CV2709 AJB BLM** |
| Plaintiffs, | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: |
| vs. | THE FEDERAL FAIR CREDIT REPORTING ACT |
| | THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT |
| EQUIFAX INFORMATION SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

1

Complaint for Damages

# INTRODUCTION

1. Derrick Chung and Jean Chung ("Plaintiffs") bring this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Equifax Information Services, LLC ("Defendant") for failing to conduct a reasonable investigation into Plaintiffs' disputes of the information in their credit reports, failing to delete inaccurate information and failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of Plaintiffs' consumer credit reports. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorney.

2. This action arises out of Defendant's violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA") and the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1 *et seq* ("CCRAA").

## JURISDICTION AND VENUE

3. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

4. Supplemental jurisdiction exists for violations of the CCRAA pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

6. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiffs have resided in this District at all times relevant to these claims such that a substantial part of the

2

Complaint for Damages

1  events giving rise to Plaintiffs' causes of action against Defendant occurred within this judicial district.

## PARTIES & DEFINITIONS

7. Plaintiffs are, and at all times mentioned herein were a married couple, natural persons, individual citizens and residents of the State of California, County of San Diego, in this judicial district. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

8. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a limited liability company registered in Georgia with its principal place of business located in Georgia. Defendant is registered with the California Secretary of State under entity number 200116310025. Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

9. The causes of action herein pertain to Plaintiffs' "consumer credit reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and Cal. Civ. Code § 1785.3(c) of the CCRAA, in that inaccurate misrepresentations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

10. The causes of action herein also pertain to Plaintiffs' "consumer credit reports" as defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole

or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

11. Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA and Cal. Civ. Code § 1788.3(d) of the CCRAA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## **FACTUAL ALLEGATIONS**

12. On or around November 1, 2006, Plaintiffs jointly incurred a consumer debt to Country Wide Home Lending for a second mortgage on their residence in the approximate amount of $90,000. That debt was later transferred to Bank of America then transferred, sold, or assigned for servicing to Nationstar Mortgage, LLC ("Nationstar"). Defendant identifies this acct as beginning with 61297.

13. On October 29, 2009, Plaintiffs filed a Joint Chapter 13 Bankruptcy in San Diego under case number 09-16431. Defendant was listed in the petition for notice purposes. Defendant received actual notice of the bankruptcy filing via the Court Certificate of Mailing, Document Number 9 (nine).

14. On January 22, 2010, Nationstar's lien on Plaintiffs' residence securing the debt was voided in the bankruptcy by the Order Granting unopposed Motion to value residence and to Value Collateral and to avoid second trust deed held by Bank of America; with BNC Service, Document Number 18 (eighteen). Defendant received notice of that Order via the Court Certificate of Mailing, Document Number 19 (nineteen).

Complaint for Damages

15. On July 14, 2015, after Plaintiffs dutifully made all of their Chapter 13 plan payments for 5 (five) years, the bankruptcy Court entered the Discharge of Debtors After Completion of Chapter 13 Plan under Document Number 96 (ninety-six). Defendant received notice of the Discharge from the bankruptcy Court by way of the Court Certificate of Mailing re Discharge of Debtor After Completion of Plan, Document Number 97 (ninety-seven).

16. In August of 2015, Plaintiffs checked their credit reports on Defendant's website and were completely surprised to see that Defendant was still reporting roughly $79,000 of debt allegedly owed to Nationstar as well as late payments – despite receiving a Discharge and the lien being avoided.

17. On August 26, 2015, Plaintiffs filed formal Disputes with Defendant and Nationstar and sent them both their bankruptcy Discharge Order. Defendant completed the investigations of those Disputes on September 15, 2015 without any updating.

18. On August 31, 2015, Plaintiffs filed a second round of Disputes with Defendant regarding the Nationstar debt and re-sent their Discharge Order. Defendant completed the investigations of those Disputes on September 18, 2015 without any significant updating.

19. On or around September 20, 2015, Plaintiffs checked their credit reports issued by Defendant again and saw a Nationstar balance of roughly $79,000 with $4,530 past due with the last payment made in February of 2015 and a scheduled payment amount of $736. All of this is wrong.

20. On September 28, 2015, Plaintiffs filed a third round of Disputes with Defendant regarding the Nationstar debt and sent their Discharge Order again. Defendant completed the investigations of those Disputes on October 1, 2015 without any meaningful updating.

21. On November 6, 2015, Plaintiffs checked their credit reports again on Defendant's website and instead of seeing that the inaccurate reporting had been

5

Complaint for Damages

corrected, they saw that the Nationstar debt had increased to roughly $85,000 with late payments for August through October and showed the debt as being charged off.

22. On November 30, 2015, Plaintiffs checked their credit reports on Defendant's website and they still had not been corrected. The report showed a balance and a past due amount of $85,560 with payment as "late".

23. All of these entries are completely inaccurate. Defendant was advised of these inaccuracies multiple times and did nothing to correct them.

24. Defendant is a professional credit reporting agency and its entire business revolves around credit reporting. It is well versed bankruptcy and the resulting discharge of debt that obligates it to report "$0 Balance".

25. Defendant failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiffs, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiffs in their written disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting or ensure maximum possible accuracy.

26. Defendant's false negative reporting caused actual damage to Plaintiffs and their credit - which in this day and age is practically priceless. Plaintiffs recently applied for a credit card and were denied based on the inaccurate credit reports.

27. Plaintiffs intend to move forward with their lives and finances, but are unable to do so because of Defendant's willful defamatory credit reporting. A fake debt of $85,000 is a significant hindrance especially when coupled with false late payments and charge offs. Creditors will not lend Plaintiffs' capital to finance a vehicle, to improve their home or to start a business. Even if Plaintiffs' are able to obtain financing, it will surely carry an exorbitant interest rate, thereby costing Plaintiffs' thousands and thousands of dollars over the life of the loan. Plaintiffs have been subjugated to the credit netherworld as a result of Defendant's illegal actions.

28. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the FCRA:

> (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or *delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.*

> (a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

> (i) *promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation*; and

29. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

> (a) Identity and purposes of credit users. *Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to*

7

Complaint for Damages

> verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].
>
> (b) Accuracy of report. *Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.*

30. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to Cal. Civ. Code § 1785.16 of the CCRAA:

> (a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

Complaint for Damages

(b) In conducting that reinvestigation *the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information.* If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, *the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.*

## FIRST CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681I(A)(1)(A) & (A)(5)(A) AND 1681E(A)&(B)

31. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

32. As a credit reporting agency, Defendant is required to comply with 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) and 1681e(a)&(b) of the FCRA.

33. Plaintiffs are informed and believe that Defendant violated 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) of the FCRA after they lodged written disputes with it in August and September of 2015 by failing to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiffs, failing to correct or delete the information, failing to consider all relevant information supplied by Plaintiffs in their disputes and failing to employ and follow reasonable procedures to prevent such inaccurate reporting.

///

///

Complaint for Damages

34. Plaintiffs are informed and believe that Defendant violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiffs complained.

35. As a result, Plaintiffs have suffered damages as described above.

## SECOND CAUSE OF ACTION
## CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.16

36. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

37. As a credit reporting agency, Defendant is required to comply with Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA.

38. Plaintiffs are informed and believe that Defendant violated Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA after they lodged written disputes with it in August and September of 2015 by failing to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiffs, failing to correct or delete the information, failing to consider all relevant information supplied by Plaintiffs in their disputes, failing to employ and follow reasonable procedures to prevent such inaccurate reporting and maintaining the very inaccurate information about which Plaintiffs complained.

39. As a result, Plaintiffs have suffered damages as described above.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs the following relief against Defendant:

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA

40. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

41. Statutory damages of $1,000 for each violation for each Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1);

Complaint for Damages

42. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

43. Injunctive relief to command Defendant to correct Plaintiffs' credit reports and prohibit Defendant from engaging in future violations;

44. Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

45. Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE CCRAA

46. Cumulative actual damages pursuant to Calif. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

47. Cumulative statutory damages of $5,000.00 for each violation for each Plaintiff, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

48. Injunctive relief to command Defendant to correct Plaintiffs' credit reports and prohibit Defendant from engaging in future violations of Cal. Civ. Code § 1785.16, pursuant to Calif. Civ. Code § 1785.31(b);

49. Cumulative attorney fees and costs to maintain the instant action, pursuant to Cal. Civ. Code 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);

50. Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury on all counts so triable.

Date:  December 2, 2015          LAW OFFICE OF DANIEL G. SHAY

                                 By:  s/ Daniel G. Shay
                                 Daniel G. Shay, Esq.
                                 DanielShay@TCPAFDCPA.com